69-969

71-1322



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| ROBERT B. WATJEN<br>24213 Knickerbocker Road<br>Bay Village, Ohio<br><br>PHILLIP J. FRANZ<br>6823 Frye Road<br>Middleburgh Heights, Ohio<br><br>ANNA MAE WILGER<br>6410 Beechmont Avenue<br>Cincinnati, Ohio  45230<br><br>THOMAS D. O'NEIL<br>820 Court Street<br>Syracuse, New York<br><br>    Plaintiffs<br><br>    -vs-<br><br>PENN CENTRAL COMPANY,<br>formerly known as<br>THE PENNSYLVANIA-NEW YORK CENTRAL<br>  TRANSPORTATION COMPANY<br>(a corporation)<br>1324 West Third Street<br>Cleveland, Ohio  44113<br><br>BROTHERHOOD OF RAILWAY, AIRLINE AND<br>STEAMSHIP CLERKS, FREIGHT HANDLERS,<br>EXPRESS AND STATION EMPLOYEES,<br>also known as BROTHERHOOD OF RAIL-<br>WAY AND STEAMSHIP CLERKS, FREIGHT<br>HANDLERS, EXPRESS AND STATION<br>EMPLOYEES<br>(an unincorporated association)<br>Colonial Hotel<br>Cleveland, Ohio<br><br>    Defendants | C69-675<br><br>CIVIL ACTION NO._____<br><br>COMPLAINT |

Plaintiffs bring this action against the Defendants and allege as follows:

## I. JURISDICTION

1. (a) Jurisdiction is based on 28 U.S.C. §1331 and the matter in controversy exceeds the sum of Ten Thousand Dollars ($10,000.00). In addition to other matters, this action concerns itself with the application, interpretation and compliance of and with 63 Stat. 485, 49 U.S.C. §5 (2) (Interstate Commerce Act), and generally with the Interstate Commerce Act, 72 Stat. 568, *et sequi.*, as amended, 49 U.S.C. §1, *et sequi.*,

(b) Jurisdiction is also based on 28 U.S.C. §1332 by virtue of the fact that Plaintiff, Thomas D. O'Neil, is a citizen of the State of New York, and Plaintiffs, Robert B. Watjen, Phillip J. Franz and Anna Mae Wilger, are citizens of the State of Ohio. The Defendant, Penn Central Company, formerly known as The Pennsylvania-New York Central Transportation Company, is a corporation organized under the laws of the Commonwealth of Pennsylvania and does business in the State of Ohio in interstate commerce. The Defendant, Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees, is an unincorporated association domiciled in the State of Ohio. The amount in controversy exceeds the sum of Ten Thousand Dollars ($10,000.00). Both Defendants maintain offices in this district.

## II. DESCRIPTION OF PARTIES, CONTRACTS, ETC.

2. (a) The Plaintiffs hereinafter will be referred to by their last name only.

(b) The Penn-Central Company will be referred to as "Penn-Central."

(c) The Brotherhood of Railway, Airline and Steamship, Freight Handlers, Express and Station Employees also known as the Brotherhood of Railway and Steamship Clerks,

-2-

LAW OFFICES OF
BERNARD S. GOLDFARB
1625 THE ILLUMINATING BUILDING
55 PUBLIC SQUARE
CLEVELAND, OHIO 44113
(216) 781-0363
*ATTORNEY FOR PLAINTIFF*

Freight Handlers, Express and Station Employees shall be hereinafter referred to as "Brotherhood of Railway Clerks." When a lodge number is indicated, the designation will be added to "Brotherhood of Railway Clerks."

(d) The Labor Agreement between the parties is known as "Agreement Entered Into By and Between the Pennsylvania-New York Central Transportation Company and Clerical, Other Office, Station and Store House Employees of the Pennsylvania-New York Central Transportation Company designated herein represented by Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees effective February 1, 1968," and all attachments, appendices, memorandum, etc. attached thereto shall hereinafter be referred to collectively as the "Labor Agreement" or "Agreement."

3. The merging companies are the Pennsylvania Railroad Company hereinafter referred to as the "Pennsylvania" and the New York Central Railroad Company hereinafter referred to as the "New York Central" or "Central" and the new company known as the Penn-Central Company, formerly known as the Pennsylvania-New York Central Transportation Company referred to as the "Penn-Central" or the "Merged Company."

4. The Interstate Commerce Commission decision approving the merger is entitled <u>Pennsylvania Railway Company-Merger-New York Central Railroad Company</u>, decided April 6, 1966, Finance Docket No. 21989 and reported at 327 I.C.C. 475, shall be identified as the "ICC Report."

5. The Interstate Commerce Act (49 U.S.C. §1, <u>et sequi</u>, as amended) shall be referred to as the "Act" and the Interstate Commerce Commission shall be referred to as the "Commission."

LAW OFFICES OF
BERNARD S. GOLDFARB
1625 THE ILLUMINATING BUILDING
55 PUBLIC SQUARE
CLEVELAND, OHIO 44113
(216) 781-0383
*ATTORNEY FOR PLAINTIFF*

III. PLAINTIFFS

6. (a) Plaintiffs Watjen and Franz and O'Neil were employed by the New York Central as rate clerks, but their jobs were abolished by the Penn-Central and they were not reassigned or compensated in accordance with the Act or the Labor Agreement. Penn-Central's conduct caused and/or provoked their termination of employment.

(b) Plaintiff Wilger was head of the Accounting Department with the New York Central but that her job was abolished with the Penn-Central and she was not reassigned or compensated in accordance with the Act or the Labor Agreement. Penn-Central's conduct caused and/or provoked her termination of employment.

7. All Plaintiffs were members of lodges of Brotherhood of Railway Clerks and were members in good standing and were entitled to protection of the Act and the Labor Agreement.

IV. DEFENDANTS

8. The Pennsylvania and the New York Central and the Penn-Central are railroad companies subject to Part I of the Act and are engaged in the business of hauling passengers and freight for compensation in interstate commerce.

9. The Brotherhood of Railway Clerks and individual lodges of the Brotherhood of Railway Clerks are "labor organizations" and "representative" of Plaintiffs. (45 U.S.C. §151, Sixth.)

10. The Penn-Central, the New York Central, the Pennsylvania, the pertinent lodges of the Brotherhood of Railway Clerks and the Brotherhood of Railway Clerks were parties to the Labor Agreement and Agreements that covered the Plaintiffs to this action.

-4-

LAW OFFICES OF
BERNARD S. GOLDFARB
1625 THE ILLUMINATING BUILDING
55 PUBLIC SQUARE
CLEVELAND, OHIO 44113
(216) 781-0383
*ATTORNEY FOR PLAINTIFF*

V.  BASIS FOR THE COMPLAINT

11.  The Commission approved the merger of the Pennsylvania and the New York Central and the merged company became the Pennsylvania-New York Central Transportation Company (Penn-Central or Merged Company). The Commission based its approval on the Act and the Agreement of May 20, 1964 between the parties (part of Labor Agreement). In addition thereto, the Plaintiffs had all their rights, under the Labor Agreement and any other prior labor agreement.

12.  The Penn-Central, subsequent to the merger, retained the Plaintiffs for a period of time in their positions but then deprived them of their employment and/or compensation, contrary to the Act, the Labor Agreements, the ICC Report, causing them damage as hereinafter claimed.

13.  The Labor Agreement provides for seniority and the protection of rights of employees of the New York Central and the Pennsylvania and the rights of such employees in the Merged Company. The Agreement purports to give protection to employees in accordance with Section 5(2)(f) of the Act which provides that the effect of a merger as approved by the Commission "will not result in employees of the carrier or carriers of the railroad affected by such should be in a worse position with respect to their employment . . . ." This also included provisions for the employees of the Pennsylvania and the New York Central and that none of the employees of either carrier shall be deprived of employment or "placed in a worse position with respect to compensation, rules, working conditions, fringe benefits or rights and privileges pertaining thereto at any time during such employment.

-5-

**LAW OFFICES OF**
BERNARD S. GOLDFARB
1625 THE ILLUMINATING BUILDING
55 PUBLIC SQUARE
CLEVELAND, OHIO 44113
(216) 781-0583
*ATTORNEY FOR PLAINTIFF*

14. The Agreements between the parties further provided for arbitration with respect to the interpretation or application of the Agreement. The Agreement of May, 1936, Washington, D.C., Appendix A, (part of the Labor Agreement) makes provision for "coordination allowances" in the event an employee is "deprived of employment" and "separation allowances" for those employees separated or terminated.

15. In the merger proceedings before the Commission, the ICC Report provided that in reference to the employees "none shall be deprived of employment or placed in a worse position with respect to compensation, working conditions, fringe benefits or rights and privileges pertaining thereto at any time during employment (p. 543). The Report further provided that employees may be transferred "across seniority lines" but "within their craft on the basis of implementing agreements to be negotiated from time to time as provided for in the basic agreement" (p. 543). The Commission accepted the Agreement of May 20, 1964, and concluded that the "employees would be retained in their present or comparable employment, with no worsening of positions" (p. 544). Based on these representations, the merger was approved.

16. The Penn-Central, by its conduct, deliberately and in bad faith placed the Plaintiffs in a "worse position" and deprived them of employment. Penn-Central's conduct was in violation of the Agreements and the Act. Plaintiffs also allege that the Labor Agreements were a sham and that the New York Central misrepresented to the Commission in violation of the Act and the Penn-Central furthered the misrepresentation knowingly.

-6-

LAW OFFICES OF
BERNARD S. GOLDFARB
1625 THE ILLUMINATING BUILDING
55 PUBLIC SQUARE
CLEVELAND, OHIO 44113
(216) 781-0383
*ATTORNEY FOR PLAINTIFF*

17. Plaintiffs complained to the Brotherhood of Railway Clerks and to the Lodges of Brotherhood of Railway Clerks, pursuant to the Labor Agreement and pursuant to law, but that the Brotherhood of Railway Clerks arbitrarily and discriminatorily failed to represent the Plaintiffs, and that the Defendants, Brotherhood of Railway Clerks has been guilty of bad faith conduct. Plaintiffs further allege any other or further action through their "representatives" would be futile. Plaintiffs further allege that Defendant, Brotherhood of Railway Clerks, failed to adequately and fairly represent the Plaintiffs.

18. The Penn-Central and the Brotherhood of Railway Clerks and the pertinent lodges of Brotherhood of Railway Clerks acted in concert to deprive the Plaintiffs of their rights under law and the Labor Agreements and that such conspiracy damaged the Plaintiffs.

## VI. DAMAGES

19. Plaintiffs state that they have been damaged by the loss of their employment, loss of seniority, wages, fringe benefits, welfare and retirement rights, separation allowances, in the sum of Six Hundred Thousand Dollars ($600,000.00).

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, in the amount of Six Hundred Thousand Dollars ($600,000.00) for damages and punitive damages plus costs of this action and for such other and further relief as is just and equitable.

*Dated at Cleveland, Ohio*
*this ___ day of _____, 19__.*

Bernard S. Goldfarb
Attorney for Plaintiffs
1625 The Illuminating Building
55 Public Sq., Cleveland, Ohio 44113
781-0383

-7-

**LAW OFFICES OF**
**BERNARD S. GOLDFARB**
**1625 THE ILLUMINATING BUILDING**
**55 PUBLIC SQUARE**
**CLEVELAND, OHIO 44113**
**(216) 781-0383**
***ATTORNEY FOR PLAINTIFF***

JURY DEMAND ENDORSEMENT

Pursuant to Rule 38, F.R.C.P., Plaintiffs demand trial by jury.

_____
Attorney for Plaintiffs

-8-

LAW OFFICES OF
BERNARD S. GOLDFARB
1625 THE ILLUMINATING BUILDING
55 PUBLIC SQUARE
CLEVELAND, OHIO 44113
(216) 781-0363
ATTORNEY FOR PLAINTIFF